UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL R. CRUZ,

             Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.

Case No. 1:20-cv-00791-EPG

FINAL JUDGMENT AND ORDER
REGARDING PLAINTIFF'S SOCIAL
SECURITY COMPLAINT

(ECF Nos. 1, 20).

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 13).

Plaintiff argues that (1) the Administrative Law Judge (ALJ) improperly omitted significant medical findings from Dr. Aguilar and Dr. Singh in the residual functional capacity (RFC) assessment; and (2) this court should remand for payment of benefits, or, alternatively, remand for further administrative proceedings. (ECF No. 20, pp. 6-12).

1

1    Having reviewed the record, administrative transcript, the briefs of the parties,[1] and the

2    applicable law, the Court finds as follows:

3    **I.    ANALYSIS**

4        **A.    ALJ's Evaluation of Plaintiff's Vision Impairments**

5        Plaintiff argues that the ALJ's RFC assessment is unsupported by substantial evidence

6    because the ALJ failed to incorporate, or give specific and legitimate reasons for rejecting, the

7    findings from Drs. Aguilar and Singh regarding Plaintiff's limitations in maintaining adequate

8    attendance and completing a normal workday or week despite otherwise assigning their opinions

9    significant weight. (*Id.* at 6-11).

10       A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20

11   C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2,

12   § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the

13   capacity for sustained performance of the physical-mental requirements of jobs"). In formulating

14   the RFC, the ALJ weighs medical and other source opinions. *See, e.g., Bray v. Comm'r of Soc.*

15   *Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169

16   F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and

17   "internal inconsistencies" within doctor's reports); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-

18   1042 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the

19   medical evidence.").

20       In reviewing findings of fact with respect to such determinations, this Court determines

21   whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g).

22   Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389,

23   402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10

24   (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to

25   support a conclusion." *Richardson*, 402 U.S. at 401.

26       Here, the ALJ determined Plaintiff's RFC as follows:

27   _____

28   [1] Plaintiff filed an opening brief on November 8, 2021, and the Commissioner responded on January 6, 2022. (ECF Nos. 20, 23). Plaintiff did not file a reply.

1
2
3
4

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: He can understand, remember, and carry out simple work instructions and tasks at a SVP 2 level. He can have occasional contact with the general-public. He should not work with the general-public as a primary job duty. He should not do teamwork types of job duties.

5

(A.R. 15)

6

And regarding the opinions of Drs. Aguilar and Singh, the ALJ found as follows:

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

In April 2017, the claimant underwent a psychological consultative evaluation performed by Norma Aguilar, M.D. (Exhibit 2F). During the evaluation, he reported a history of paranoia depression, anxiety, and auditory hallucinations, but he denied any visual hallucinations or suicidal thoughts (Exhibit 2F/3-4). He also reported his paranoia decreases with medication (Exhibit 2F/4). Dr. Aguilar noted the claimant had fair response to medication (Exhibit 2F/4). Dr. Aguilar conducted a mental status examination and noted the claimant displayed normal speech, minimal eye contact, a slightly depressed and slightly anxious mood, and a blunted affect (Exhibit 2F/5-6). Following the evaluation, Dr. Aguilar gave the claimant a global assessment of functioning (GAF) score of 55-60, assessed him a fair prognosis, and diagnosed him with paranoid type schizophrenia (Exhibit 2F/6-7). Dr. Aguilar opined the claimant has no limitation on his activities of daily living or ability to follow simple or detailed instructions (Exhibit 2F/7). Dr. Aguilar also opined the claimant's ability to comply with job rules, respond to changes in a routine work setting, and interact appropriately with the public, co-workers, and supervisors is mildly limited (Exhibit 2F/7). Dr. Aguilar further opined the claimant's ability to respond to work pressure in a usual work setting is moderately limited (Exhibit 2F/7). Dr. Aguilar had the benefit of examining the claimant and her opinion is supported by the objective medical evidence, based on her area of expertise, and mostly consistent with the record as a whole. Specifically, Dr. Aguilar's opinion is supported by the claimant's relatively normal mental status examinations and it is consistent with the claimant's minimal treatment, documented improvement with medication compliance, and wide range of daily activities. Accordingly, the undersigned has given Dr. Aguilar's opinion significant weight.

23
24
25
26
27
28

In May 2017, a State agency medical consultant, R. Singh, M.D., reviewed the claimant's medical records and completed a psychiatric review technique form (PRTF) and a mental residual functional capacity (MRFC) assessment (Exhibit 2A). In the PRTF, Dr. Singh opined the claimant's mental impairments cause him a mild limitation understanding, remembering, or applying information; a moderate limitation interacting with others; a moderate limitation concentrating, persisting, or maintaining pace; and a moderate limitation adapting or managing himself (Exhibit 2A/6). In the MRFC assessment, Dr. Singh opined the claimant retains the ability to understand, remember, and carry out simple work-related tasks in a work setting with reduced public contact (Exhibit 2A/9-I0). Dr. Singh

1
2
3
4
5
6

also opined there are no significant work-related limitations on the claimant's ability to adapt to the requirements of a normal work setting or sustain concentration, persistence, or pace (Exhibit 2A/l 0). Dr. Singh has program knowledge and Dr. Singh's opinion is supported by the objective medical evidence, based on Dr. Singh's area of expertise, and mostly consistent with the record as a whole. Specifically, Dr Singh's opinion is supported by the claimant's relatively normal mental status examinations and it is consistent with the claimant's minimal treatment documented improvement with medication compliance, and wide range of daily activities. Therefore, the undersigned has given Dr. Singh's opinion significant weight.

7      (A.R. 18-19).

8          Plaintiff argues that, while the ALJ gave significant weight to the opinions of Drs. Aguilar

9      and Singh, the above RFC assessment failed to take into account Dr. Aguilar's assessment that

10     Plaintiff's "ability to comply with job rules such as safety and attendance was mildly limited" and

11     Dr. Singh's assessment that Plaintiff's "ability to complete a normal workday and workweek

12     without interruptions from psychologically based symptoms and to perform at a consistent pace

13     without an unreasonable number and length of rest periods" was "[m]oderately limited." (ECF

14     No. 20, p. 8, (citing A.R. 96, 320)). Defendant argues that the ALJ's RFC assessment properly

15     accounted for these opinions. (ECF No. 23, p. 6-7).

16         "[T]he ALJ is responsible for translating and incorporating clinical findings into a

17     succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). While

18     an ALJ "need not discuss all evidence presented," the ALJ "must explain why significant

19     probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393,

20     1395 (9th Cir. 1984) (internal citation and emphasis omitted). And "[w]here an ALJ accords

21     substantial or great weight to a physician's opinion, he must either incorporate their findings into

22     the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No.

23     2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020).

24         Here, the Court agrees with Plaintiff that the ALJ failed to either incorporate or explain

25     why the above opinions of Drs. Aguilar and Sing—regarding Plaintiff's mild to moderate

26     limitations in maintaining regular attendance and completing a normal workday or week—were

27     not included in the RFC assessment. While the Defendant argues that a RFC assessment need not

28     "use[] the same language as the physician," here the ALJ's opinion does not address, in any

4

1    discernible terms, the limitations concerning attendance or normal workday or week completion.

2    (ECF No. 23, p. 6). Such error renders the ALJ's RFC determination unsupported by substantial

3    evidence and inconsistent with the medical opinions that the ALJ credited. *See Wascovich v. Saul*,

4    No. 2:18-CV-659-EFB, 2019 WL 4572084, at *5 (E.D. Cal. Sept. 20, 2019) (concluding that

5    ALJ's failure to account for mild to moderate limitations regarding attendance was error); *see*

6    *also Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021)

7    (collecting cases where courts have held that an ALJ is required to incorporate or address similar

8    limitations as opined by Drs. Aguilar and Singh in this case).

9         **B.     REMEDY**

10        Plaintiff argues that a remand for payment of benefits is warranted. (ECF No. 20, pp. 11-

11   12). Defendant contends that, should the Court find error in the ALJ's decision, the proper

12   remedy is to remand for further proceedings. (ECF No. 23, pp. 9-10).

13        The decision whether to remand for further proceedings or for immediate payment of

14   benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.

15   2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test,

16   with each of the following parts of the test needing to be satisfied to remand for benefits:

17        (1) the record has been fully developed and further administrative proceedings
         would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
18       reasons for rejecting evidence, whether claimant testimony or medical opinion;
         and (3) if the improperly discredited evidence were credited as true, the ALJ
19       would be required to find the claimant disabled on remand.

20   *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even if all these parts are met,

21   the Court may still remand when "an evaluation of the record as a whole creates serious doubt

22   that a claimant is, in fact, disabled." *Id.* at 1021. Notably, remand for further proceedings is the

23   "ordinary" requirement whereas a remand for payment of benefits is the rare exception. *See*

24   *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

25        Plaintiff asserts that, had the ALJ incorporated the limitations proposed by Drs. Aguilar

26   and Singh into the RFC assessment, "[t]he vocational expert testified no work would be available

27   for such a person." (ECF No. 20, p. 8 (citing A.R. 84)). However, the Court reads the record

28

1  differently. Notably, the quoted section of hearing is as follows:

2  > Q by Attorney: If we add to this hypothetical that due to the interference of mental
3  > health symptoms, difficulties concentrating, and episodes of decompensation, this
   > person would be absent from the workplace *two or more times per month*. Would
4  > there be any jobs available for such an individual?

5  > A by Vocational Expert: It's my opinion that if a person is missing two days of
   > work per month that that's going to preclude competitive employment over time.

6  > Q by Attorney: And as a separate hypothetical, if we add to the first hypothetical
7  > that again due to the interference of mental health symptoms, difficulties
   > concentrating, this person would be *off task about 15% of the time*, would there be
8  > any jobs available for such an individual?

9  > A by Vocational Expert: No, I don't believe there would be.

10 (A.R. 84) (emphasis added). Importantly, the questions posed to the vocational expert by

11 Plaintiff's attorney were not stated in terms of the mild to moderate limitations proposed by Drs.

12 Aguilar and Singh; rather, the questions were posed in terms of more specific limitations—

13 missing work two or more times per month and being off task about 15% of the time. While this

14 may be a reasonable translation of the doctors' limitations, it is not clear from the record. *See*

15 *Wiles v. Berryhill*, No. 2:16-CV-09558-GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017)

16 (noting that moderate mental health limitations "do not necessarily indicate that Plaintiff is

17 disabled").

18      Here, in light of the uncertainty of how the mild to moderate limitations, if incorporated

19 into the RFC assessment, would affect the availability of jobs, the Court concludes that remand

20 for consideration is appropriate.

21 **II.     CONCLUSION AND ORDER**

22      Accordingly, the decision of the Commissioner of the Social Security Administration is

23 REVERSED and REMANDED for further administrative proceedings consistent with this

24 decision. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant.
   IT IS SO ORDERED.
25

26   Dated:   **February 11, 2022**                    /s/ Erica P. Grosjean

27                                              UNITED STATES MAGISTRATE JUDGE

28

6